United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| MedEnvios Healthcare, Inc., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-20068-Civ-Scola |
| | ) | |
| United States Department of | ) | |
| Health and Human Services, | ) | |
| Defendant. | ) | |

### Order on Rule 72(a) Objections

This matter is before the Court on the Plaintiff MedEnvios Healthcare, Inc.'s motion for an order requiring the Defendant Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services, to "complete" the administrative record of the two administrative appeals now consolidated before this Court. (ECF No. 34.) The Court referred the motion to Magistrate Judge Jonathan Goodman to be heard and determined (ECF No. 42), and Judge Goodman issued an order (ECF No. 60) denying the motion following full briefing, supplemental memoranda, and a hearing. MedEnvios filed Rule 72(a) objections to Judge Goodman's order (ECF No. 61), the Defendant responded (ECF No. 62), and MedEnvios filed a reply (ECF No. 67). The Court has reviewed the record, the relevant authorities, and the briefing, and **affirms and adopts** Judge Goodman's order (**ECF No. 60**), **denying** MedEnvios's motion to complete the administrative record for the reasons discussed below. (**ECF No. 34**.)

1. **Background**

This is a dispute over two determinations by the Department of Health and Human Services ("HHS" or "the Department") that the Department overpaid MedEnvios for Medicare-covered medical equipment. The Department made these determinations as a result of post-payment audits involving extrapolating an amount of overpayment based on sampling of MedEnvios's Medicare claims. (Mag. Order, ECF No. 60 at 5.) The determinations resulted in "several levels" of administrative appeals and culminated with final agency decisions by administrative law judges ("ALJs"). (*Id.*)

MedEnvios now seeks "completion" of the administrative record with records "regarding the statistical sampling and extrapolations" of which "the agency would have relied upon and/or considered" in the two appealed matters

(referred to by the names of the corresponding HHS contractors responsible for the initial administrative reviews: "Health Integrity" and "SafeGuard"). (*Id.* at 19.) With regard to the Health Integrity matter, MedEnvios requests "all the claims for the review period from which the sampling frame had been created." (Mot. to Complete the Admin. Record, ECF No. 32 at 15.) For the SafeGuard matter, MedEnvios *did* receive all of the claims for the review period, but "never received the documentation necessary to support the recalculated demands" following partially favorable ALJ decisions that reduced the overpayment amounts owed by MedEnvios. (*Id.* at 15.) This information is also missing for Health Integrity, according to MedEnvios.

Secretary Becerra claims that the administrative record is already complete because there was nothing before the ALJs that is missing from the administrative records. (Def.'s Resp. to Mot., ECF No. 39 at 6.) MedEnvios argues that the administrative record is not limited to the materials considered by the ALJs, and instead that "a complete administrative record includes all documents and materials directly or indirectly considered by the agency decision-makers at every stage of the decision-making process[,]" including documents that reflect how contractors recalculated MedEnvios's overpayment amounts but that never reached the ALJs. (Pl.'s Reply re Mot., ECF No. 41 at 2; Pl.'s Supp. Mem. re Mot., ECF No. 49 at 2.)

Judge Goodman requested supplementary briefing on the issue, and neither party identified on-point authority on whether a Medicare contractor is an "agency decision maker" for purposes of defining the administrative record's scope. (Mag. Order, ECF No. 60 at 21.) Judge Goodman then held a hearing that lasted over two hours and which he describes in detail in his order. (*Id.* at 22-23.)

Judge Goodman ultimately denied MedEnvios's motion because MedEnvios "incorrectly labeled its request as one to complete the record" rather than a request to *supplement* the administrative record, which requires a significantly higher showing. (*Id.* at 30.) And regardless, Judge Goodman was unconvinced that the administrative record is incomplete because reviewing courts need not review materials that were never presented to the ALJs unless a need to supplement the record is shown. (*Id.*) MedEnvios then objected to Judge Goodman's order. (ECF No. 61.)

## 2. Legal Standard

A party may appeal a magistrate judge's ruling to the district court pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(c)(1). "When a party objects to a magistrate's non-dispositive order, the district court must consider those 'objections and modify or set aside any part of the order

that is clearly erroneous or is contrary to law.'" *Traylor v. Howard*, 433 F. App'x 835, 836 (11th Cir. 2011) (quoting Fed. R. Civ. P. 72(a)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11–60601-CIV, 2012 WL 1440894, at *1 (S.D. Fla. Apr. 4, 2012) (Seitz, J.) (cleaned up). A magistrate judge's ruling is deemed "clearly erroneous" only when the district court "is left with the definite and firm conviction that a mistake has been committed." *See Salazar v. Wells Fargo Bank, N.A.*, No. 09–23809-CIV, 2011 WL 379145, at *3 (S.D. Fla. Feb. 2, 2011) (Lenard, J.) (cleaned up). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). The district court may not undo the magistrate judge's determination "simply because it is convinced that it would have decided the case differently." *See id.* at 1351. "This standard has been described as 'a very difficult one to meet.'" *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998).

"It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections[.]" *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### 3. Analysis

MedEnvios makes five objections to Judge Goodman's order, although they boil down to a re-hashing of MedEnvios's disagreement with the Secretary on what "administrative record" means for purposes of determining whether the administrative record is complete. Judge Goodman found the Secretary's argument as to the administrative record's scope more convincing, concluding that the record was complete despite not containing every document generated by the agency at every level of MedEnvios's appeals, and therefore that MedEnvios's motion was actually a motion to supplement the administrative record.

The Court agrees with Judge Goodman that MedEnvios has not established that the record is incomplete for the reasons below after considering the extensive objections of MedEnvios, the Secretary's response, and MedEnvios's reply. And in the background of the specific legal questions, which largely concern interpreting statutes and regulations governing Medicare appeals, MedEnvios says itself that this is "a matter of first impression" in the Eleventh Circuit, meaning that there is no binding precedent that the

Magistrate Judge has run afoul of. (Pl.'s Reply, ECF No. 67 at 2.) The Court is therefore not persuaded that Judge Goodman's conclusions were clearly erroneous or contrary to law—in particular on the key issue of the whether the administrative record includes documents generated by agency contractors but that were never addressed in the final agency determination or the earlier appealed determinations—and therefore affirms and adopts his order denying MedEnvios's motion to complete the administrative record.

None of MedEnvios's objections leave the Court "with the definite and firm conviction" that Judge Goodman's decision was erroneous. *See Salazar*, 2011 WL 379145, at *3. First, MedEnvios claims that the Magistrate Judge conflated the scope of review of the agency's final decision with the scope of the administrative record when he "implie[d] that because a judge is limited to reviewing a final agency decision that it is limited to reviewing materials that were before/considered by . . . the final agency decision-maker in the administrative appeal." (Pl.'s Objs., ECF No. 61 at 5.) Even if the scope of review is limited, MedEnvios argues, the scope of the administrative record can still be broad and includes all documents considered throughout the entire agency process, including the recalculation worksheets it seeks.

However, the two are inextricably intertwined. Judge Goodman simply interpreted the term "record" in its context in the statute providing for judicial review of HHS decisions: 42 U.S.C. § 405(g) provides the basis for the court's jurisdiction to review final decisions of the Secretary of HHS. 42 U.S.C. § 405(h); *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) ("42 U.S.C. § 405(h), made applicable to the Medicare Act[,] . . . provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act."). Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the [Secretary] . . . may obtain a review of such decision by a civil action commenced within sixty days . . . in the district court of the United States . . . . As part of the [Secretary]'s answer the [Secretary] shall file a certified copy of the transcript of **the record including the evidence upon which the findings and decision complained of are based**. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing. The findings of the [Secretary] as to any fact, if supported by substantial evidence, shall be conclusive . . . . (emphasis added)

The Secretary emphasizes in his response to MedEnvios's objections that "the district court has jurisdiction to review only the . . . final decision" of the

agency and that this limited role "entails the review of a closed administrative record[,]" which is entitled to a presumption of administrative regularity. (Def.'s Resp., ECF No. 62 at 3 (quoting *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003), *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984), *Mathews v. Weber*, 423 U.S. 261, 270 (1976), *Arriva Med., LLC v. Sec'y of U.S. Dep't of Health & Human Servs.*, Case No. 19-cv-80685, 2020 WL 5757084, at *2 (S.D. Fla. Sept. 28, 2020) (Smith, J.).) The Secretary further explains that the administrative records are complete because MedEnvios has not identified materials presented to the ALJ that have not been included in the administrative record. He explains that the recalculation sheets are not routinely found in an administrative record because "[t]he role and authority of the ALJ is to review the Medicare program integrity contractor's initial design of the audit . . . and to determine whether the individual Medicare claims reviewed in the audit sample were properly denied by the program integrity contractor[,]" *not* to redo a Medicare contractor's math. (*Id.* at 5.)

Judge Goodman therefore fairly cited the Court's limited role in reviewing only whether substantial evidence supported the final agency decision in concluding that the administrative record is complete. The Court may not conduct its own investigation and substitute its judgment for that of the agency's. *Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps. of Eng'rs*, 87 F.3d 1242, 1246 (11th. Cir. 1996). Conducting this limited review does not require documents reflecting recalculations of overpayment amounts effectuated by a Medicare administrative contractor because the ALJs were never presented with or considered that information, nor were the decisionmakers in the prior administrative appeals.

Second, MedEnvios objects to the Magistrate Judge's failure to use the definition of "administrative record" set forth in regulations promulgated by the Centers for Medicare and Medicaid Services for purposes of appeals before ALJs:

> [T]he record will include marked as exhibits, the appealed determinations, and documents and other evidence used in making the appealed determinations and the ALJ's or attorney adjudicator's decision, including, but not limited to, claims, medical records, written statements, certificates, reports, affidavits, and any other evidence the ALJ or attorney adjudicator admits. The record will also include any evidence excluded or not considered by the ALJ or attorney adjudicator, including, but not limited to, new evidence submitted by a provider or supplier, or beneficiary represented by a provider or supplier, for which no good cause was established, and duplicative evidence submitted by a party. 42 C.F.R. § 405.1042(a)(2).

MedEnvios's view is that this definition makes clear that the administrative record of a Medicare appeal includes evidence "not considered by the ALJ." (Pl.'s Objs., ECF No. 61 at 6-7.) The Secretary does not object to the use of this regulation in assisting with interpreting the meaning of "record" under § 405(g), but maintains that the regulation and the cases cited by MedEnvios do not move the needle on whether the administrative record includes materials never submitted to the ALJ. (Def.'s Resp., ECF No. 62 at 7.) The Court agrees. The regulation does not contradict Judge Goodman's view that documents that were never even part of the universe of evidence offered to the ALJ do not need to be included in the record for it to be considered complete.

The Court overrules MedEnvios's third objection for a similar reason: MedEnvios objects to the Magistrate Judge's "finding that an ALJ is the only 'agency decision-maker' for purposes of the scope of the administrative record." (Pl.'s Objs., ECF No. 61 at 7.) MedEnvios acknowledges that there is no conclusive answer to this question in the caselaw, but still contends that its cited cases "demonstrate that the ALJ is not the only decision-maker for purposes of a complete administrative record." (*Id.* at 8.) The cases MedEnvios cites of course reference a variety of individuals and bodies that are responsible for administrative appeals across agencies in our government. However, the cases do *not* establish that a Medicare contractor is an agency decisionmaker for purposes of appeal to a district court or that an administrative record must contain every document created by an agency and its contractors at any point during the course of the matters on appeal, regardless of whether they were part of the record on which the final agency decision was made. *See, e.g.*, *Arriva Med. LLC v. Sec'y of United States Dep't of Health & Hum. Servs.*, No. 19-80685-CIV, 2020 WL 5757084, at *2 (S.D. Fla. Sept. 28, 2020) (Smith, J.) (""[§ 405(g)] does not give this Court latitude to sanction a phishing expedition by the Plaintiff to uncover [the Centers for Medicare and Medicaid Services'] internal decision-making process or to ferret out how CMS exercises its discretion.") MedEnvios therefore has not established a basis on which to request the recalculation worksheets at this stage.

Finally, MedEnvios insists in its fourth and fifth objections that it is indeed seeking to complete rather than supplement the administrative record, which it asserts is both incomplete and irregular. (Pl.'s Objs., ECF No. 61 at 10-14.) MedEnvios argues that "there is clear evidence to the contrary that the administrative record is complete," which rebuts a court's presumption that an agency has properly designated the administrative record. (*Id.* at 17.) As already discussed above, the Court agrees with Judge Goodman that the

administrative record *is* complete and that MedEnvios has not established by clear evidence that HHS has improperly designated the record by excluding materials considered by the agency below. *See Catalyst Pharms., Inc. v. Azar*, No. 19-CV-22425, 2020 WL 4573068, at *2 (S.D. Fla. May 1, 2020) (Louis, Mag. J.) ("[A] court may only go beyond the record in certain, limited circumstances, such as where it appears the agency relied on materials not included in the administrative record or where there is a strong showing of improper behavior by the agency."). In the absence of clear evidence of either, the Court cannot conclude that Judge Goodman has erred.

### 4. Conclusion

For the above reasons, the Court **affirms and adopts** the Magistrate Judge's order **(ECF No. 60)** denying MedEnvios's motion for completion of the administrative record (**ECF No. 34**).

**Done and ordered** at Miami, Florida on February 9, 2024.

Robert N. Scola, Jr.
United States District Judge