United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MedEnvios Healthcare, Inc., Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-20068-Civ-Scola ) |
| Xavier Becerra, *in his official capacity as Secretary, United States Department of Health and Human Services*, Defendant. | ) ) ) ) ) |

## Order on Motion for Reconsideration

This matter is before the Court on the Defendant's motion for reconsideration of the Court's order on the parties' cross motions for summary judgment. (Mot., ECF No. 85.) Specifically, the Defendant requests that the Court reconsider the portion of its order that found that the Defendant violated MedEnvios's due process rights by failing to provide sufficient information related to the effectuation of Administrative Law Judge ("ALJ") decisions. As described in the Court's order, the parties' motions for summary judgment concerned MedEnvios's challenges to two post-payment audits that resulted in the Department determining that it had overpaid MedEnvios for services rendered under the Medicare program. The Court granted in part and denied in part each party's motion for summary judgment. The Court granted MedEnvios's motion with respect to the failure to provide the missing extrapolation documentation following partially favorable decisions that reduced the overpayment amounts owed by MedEnvios.

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (cleaned up). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* The Defendant stated in his motion that

the request for reconsideration is being made under Rule 60; MedEnvios responds that Rule 60 is not the proper vehicle for the request and that it instead should have been made under Rule 59, and the Secretary does not clarify his position in his reply (ECF No. 89).

Regardless, the Court denies the request. A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). The Defendant's motion purports to rehash matters that were the subject of the Court's previous order. As such, his motion is inappropriate under Rule 59(e). Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (Dimitrouleas, J.) (cleaned up). Rule 60(b) relief is applicable on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment being void; (5) the judgment having been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Court finds no viable reason why Rule 60(b) would apply here based on the Defendant's motion, as discussed in more detail below. As such, the Court leaves its previous ruling undisturbed.

Here, the Defendant argues that the Court made an error of fact in reaching the conclusion that the Secretary wrongfully failed to provide recalculation worksheets in one of MedEnvios's administrative appeals (the SafeGuard matter) because "[t]he record in these consolidated civil actions shows that the Secretary did not fail to provide MedEnvios information related to the effectuation of the ALJ decisions. MedEnvios' simply failed to request it." (Mot. at 1-2.) Specifically, in 2022 following the Medicare administrative contractor's effectuation of the partially favorable ALJ decision, MedEnvios requested information from the contractor and then "expressed satisfaction with the information it received," which did not include the recalculation worksheets. (Mot. at 2.) As the Defendant explains in the motion,

> the effectuation of the ALJ decisions resulted in MedEnvios receiving a partial refund of previously-recouped funds. MedEnvios made contact with the contractor to request 'Accounting Assistance' about this, as indicated in the subject line of MedEnvios' e-mail. In response MedEnvios received clarifications from L. Michelle Thomas, the manager of a technical team at CGS Administrators, about the refund. ECF No.

56-1. The e-mail chain concluded with MedEnvios, apparently satisfied, stating: "Thanks again for the information. We will review and let you know if we need any further clarification. (Mot. at 5.)

The 30-day notice period preceding recoupment then elapsed without MedEnvios inquiring further. (Mot. at 4.) Thus, according to the Defendant, MedEnvios was not deprived of any information that it requested, and failing to receive information that was never requested cannot give rise to a procedural due process violation. MedEnvios responds that it *did* request the information, both from the contractor responsible for effectuating the partially favorable decision, and later from the Department. The parties seem to disagree only about whether MedEnvios should have pushed back harder when the contractor responded to MedEnvios's inquiry with less detail than desired, and whether failing to do so cut off MedEnvios's ability to challenge the failure to provide the worksheet.

The Defendant's argument that the Court should reconsider its ruling based upon the Defendant's interpretation of this e-mail exchange is unavailing. The Defendant has not demonstrated that MedEnvios failed to raise its request for the worksheets used to effectuate the partially favorable decisions in either matter such that the Court should reconsider its decision. Both parties acknowledge the thin statutory, regulatory, and sub-regulatory authority that exist to support their arguments, and the Secretary posits that this is a matter of practicality that does not implicate a governing legal authority. (Reply, ECF No. 89 at 2 n.1.) But the directly on-point authority that does exist is the Medicare Program Integrity Manual ("MPIM"), which places a burden on contractors to retain documentation "in sufficient detail so that the sampling frame can be re-created should the methodology be challenged." MPIM § 8.4.4.4.1. As the Court observed previously, "contractors are already required to maintain this information, and the added burden of providing the information on request would be minimal." (Order at 8.) The Defendant does not offer new facts or new authority that would lead the Court to impose a duty on MedEnvios to have inquired differently or otherwise reassess this finding, especially when it is well established that MedEnvios did repeatedly request the recalculation worksheets.

The Defendant also argues that this conclusion is inconsistent with Magistrate Judge Goodman's earlier order denying MedEnvios's motion to complete the administrative record. The Court disagrees. The analysis of whether MedEnvios was seeking to complete or supplement the administrative record, and whether the recalculation worksheets were considered by the ALJs below, is distinct from whether their absence from the record deprived

MedEnvios of its due process rights. Indeed, Judge Goodman specifically noted that his ruling did not "in any way prohibit MedEnvios from advancing its arguments on the merits[.]" (Order, ECF No. 60 at 31.) The Court therefore declines to reconsider its prior order and **denies** the Defendant's motion for reconsideration. (**ECF No. 85**.)

**Done and ordered** at Miami, Florida on July 1, 2024.

_____
Robert N. Scola, Jr.
United States District Judge