United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MedEnvios Healthcare, Inc., Plaintiff, <br><br> v. <br><br> Robert F. Kennedy,[1] *in his official capacity as Secretary, United States Department of Health and Human Services*, Defendant. | Civil Action No. 23-20068-Civ-Scola |

## Order on Motion for Clarification

This matter is before the Court on the Plaintiff's motion for clarification. (ECF No. 136.) The Defendant has filed a response (ECF No. 139) and the Plaintiff has filed a reply (ECF No. 141). The Court has considered the briefing, the record, and the relevant legal authorities. For the following reasons, the Court **denies** the Plaintiff's motion for clarification (**ECF No. 136**).

The Plaintiff seeks clarification of the Court's order on the parties' first round of cross motions for summary judgment, in which the Court "vacated" "[t]he extrapolated overpayment demands implementing the ALJ decisions." (*See* Order on Parties' Cross Motions for Summary Judgment, ECF No. 84 at 9.) Specifically, the Plaintiff requests a Court order stating that the Plaintiff "is liable only for the actual overpayment on the sample claims" and that "the Court . . . did not order this matter to be remanded back to the agency[.]" (Pl.'s Mot., at 4.) Thus, the Plaintiff believes it is entitled to a refund of the extrapolated amounts the Defendant recouped, absent reversal by the Eleventh Circuit. (*Id.*)

The motion is in response to the Defendant's notice of compliance, in which the Defendant interprets the Court's order as (1) requiring the Defendant to provide the documentation that the Plaintiff was originally denied and (2) "remand[ing] of these matters to the agency, so that [the Plaintiff] may challenge the implementation of the ALJ decisions as it sees fit, with the benefit of the documentation showing how the ALJ decisions were effectuated." (*See* Notice of Compliance with Final Judgment, ECF No. 129, at 2.)

---

[1] Under Fed. R. Civ. P. 25(d), Robert F. Kennedy, now Secretary of the Department of Health and Human Services, is automatically substituted as the named defendant in this case.

The Defendant's interpretation of the Court's order is correct and consistent with case law. The Plaintiff alleged—and proved—a procedural due process violation when "the Defendant failed to provide sufficient documentation to support overpayments recalculated following partially favorable appellate decisions[.]" (Order on Parties' Cross Motions for Summary Judgment, at 7.) The Plaintiff's injury was the inability to challenge the overpayment demands with the proper documentation.[2] Therefore, the proper remedy for the Plaintiff is to place it in the same position as if it had the correct documentation in the first place—*i.e.*, having "the benefit of the documentation showing how the ALJ decisions were effectuated" "so that [the Plaintiff] may challenge the implementation of the ALJ decisions as it sees fit." (Def.'s Resp., at 2.) Such a remedy is consistent with *Carey v. Piphus*, in which the Supreme Court explained that "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the *mistaken or unjustified* deprivation of life, liberty, or property." 435 U.S. 247, 259 (1978) (emphasis added); *see also Hopkins v. Saunders*, 199 F.3d 968, 979 (8th Cir. 1994) ("The Supreme Court defined the proper remedy for the denial of procedural due process in *Carey v. Piphus*, holding that the remedy for a procedural due process violation is defined by the extent of the injury that resulted from the denial of constitutionally required process." (citations omitted)). In other words, rather than entitling the Plaintiff to a refund of the recalculated overpayments, the Defendant's procedural due process violation entitles the Plaintiff to challenge those overpayments with the proper documentation.

---

[2] In its reply in support of its motion, the Plaintiff argues that its injury in more than just the inability to challenge the ALJ decisions: it notes the alleged "substantial harm" to its business as a result of the Defendant's procedural due process violations. (*See* Reply, at 4-5.) But the Plaintiff never sought compensatory damages in its complaint and thus this alleged injury is not properly before the Court. *See Monroe Cnty., Fla. v. U.S. Dept. of Labor*, 690 F.2d 1359, 1363 ("For a party to recover more than nominal damages for a deprivation of due process, he must show actual compensable injury." (citing, *inter alia*, *Carey v. Piphus*, 435 U.S. 247 (1978)).

For the foregoing reasons, the Court **denies** the Plaintiff's motion for clarification (**ECF No. 136**). The Defendant's interpretation of the Court's final judgment is correct.

**Done and ordered** at Miami, Florida on April 21, 2025.

_____
Robert N. Scola, Jr.
United States District Judge